**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAMNONG CHITCHARUEK, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.    13-73295 <br><br> Agency No. A078-192-487 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2016[**]
San Francisco, California

Before:  BEA and IKUTA, Circuit Judges, and RESTANI,[***] Judge.

Chamnong Chitcharuek petitions for review of the Board of Immigration

Appeals's (BIA) denial of his motion to reopen proceedings for the purpose of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

reapplying for asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

The BIA did not abuse its discretion by ignoring internet news articles that Chitcharuek failed to attach to his motion because BIA regulations require that a motion to reopen "be accompanied by . . . all supporting documentation."  8 C.F.R. § 1003.2(c)(1).

Substantial evidence in the record supports the BIA's conclusions (1) that the political situation in Thailand has resulted in only sporadic and generalized unrest and (2) that Thailand's political situation has not resulted in a material change in the treatment of homosexuals.  There is no evidence in the record concerning Chitcharuek's involvement with either competing political faction.  Because Chitcharuek failed to establish a material change in country conditions that would qualify him for the exception to the 90-day deadline for filing a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), the BIA did not err in denying Chitcharuek's motion to reopen as untimely.  *See* 8 C.F.R. § 1003.2(c)(2).

Nor did the BIA err in ruling that Chitcharuek failed to show a well-founded fear of persecution, because Chitcharuek's claims of substantial economic disadvantage, discrimination and harassment, emotional trauma, and indiscriminate violence do not rise to the level of an individualized risk of persecution.  *See*

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam);

*Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003); *Ghaly v. INS*, 58 F.3d 1425,

1431 (9th Cir. 1995). Because Chitcharuek did not make out a prima facie case for

asylum relief, he similarly failed to make out a prima facie case for withholding of

removal. *See Ling Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

We also deny Chitcharuek's request that we take judicial notice of the

political developments in Thailand after the BIA's denial of Chitcharuek's motion

to reopen because the facts noticed would not alter our conclusion.

**PETITION DENIED.**